**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Baker,              )| No. CV-12-1162-PHX-PGR (LOA) |
| Plaintiff,      )| **ORDER** |
| vs.                          )| |
| Dr. Thomas Bell,         )| |
| Defendant.   )| |

This matter is before the Court on Plaintiff's Motion to Compel Discovery in which Plaintiff requests that the Court compel Defendant Bell to properly respond to his discovery requests. (Doc.41) Defendant Bell has filed a Response and Plaintiff has filed a Reply. (Docs. 44, 48)

In the motion, Plaintiff contends he sent a letter to Defendant's counsel on November 19, 2013, stating the discovery responses were late, incomplete and evasive. Plaintiff contends that despite the letter to counsel, no attempt to correct the responses has been made. Plaintiff, however, fails to identify in the motion which discovery responses were deficient and how they were deficient.

Defendant asserts in the response that his counsel responded to Plaintiff's letter with a letter dated November 26, 2013. (Doc. 44, Exh. 7) Counsel wrote to Plaintiff that "[i]f there are particular responses to which you take issue, please do not hesitate to contact me. I will certainly work with you to resolve any dispute, in good faith." (*Id.*) Plaintiff claims in his reply he did not receive counsel's letter. (Doc. 48 at 3)

Defendant contends, *inter alia*, the motion to compel should be denied because Plaintiff failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Rule 7.2(j) of the Local Rules of Civil Procedure ("LRCiv"). Rule 37(a)(1), Fed.R.Civ.P., provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules reiterate this certification requirement and further provide that "[a]ny discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions."  LRCiv 7.2(j).

Defendant also argues Plaintiff's motion fails to comply with LRCiv 37.1. That rule provides that a motion to compel discovery shall "set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:

> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation, or response is deficient."

LRCiv 37.1(a). Civil Local Rule 37.1(a) applies to all *pro se* litigants, including prisoners. *See Aros v. Robinson*, 2011 WL 643386, at *2 (D. Ariz. Feb. 11, 2011) ("Plaintiff's failure to comply with [LRCiv 37.1(a)] provides an independent sufficient basis to deny his Motion to Compel."). The requirements of this Local Rule do not apply "where there has been a complete and total failure to respond to a discovery request." LRCiv 37.1(b).

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). "A departure is justified only if the effect is so slight and unimportant that the sensible treatment is to overlook it." *Id.* (citations and internal quotation marks omitted). "Anyone appearing before the court is bound by these Local

Rules[,] including "[p]arties not represented by an attorney unless the context requires otherwise." LRCiv 83.3(c)(1).

Regarding his obligation to confer in good faith, Plaintiff fails to attach to his motion a copy of the November 19, 2013 letter to Defendant Bell's counsel. Based on counsel's November 26, 2013 letter in response, however, it appears Plaintiff failed to identify particular responses to his discovery requests that he was disputing. Additionally, it appears that Plaintiff, who claims he never received the November 26, 2013 letter, made no further attempts to resolve the discovery issues before filing the motion to compel. For these reasons, the Court finds Plaintiff has failed to comply with Fed.R.Civ.P. 37(a)(1) and LRCiv 7.2(j).

In addition, Plaintiff's motion to compel fails to comply with LRCiv 37.1(a). Plaintiff's motion does not set forth, separately from a memorandum of law, in separate, distinct, numbered paragraphs, the documents requested, the response received and the reasons why the response is deficient. Although Plaintiff attached to his reply a copy of Defendant Bell's discovery responses, which included the original requests, Plaintiff did not do what the rule requires by explaining, with respect to each response, why it is deficient. This requirement enables the Court to address the merits of each request and response individually. For these reasons, the Court finds Plaintiff's motion to compel fails to comply with LRCiv 37.1(a).

Finally, Defendant asks the Court to award Defendant the reasonable costs and fees associated with responding to the motion to compel. The Court, however, finds an award of expenses and fees "unjust" at this time. *See* Fed.R.Civ.P. 37(a)(5)(B). Because Plaintiff failed to comply with the requirements in the Local Rules for bringing a motion to compel, the Court did not reach the merits of his discovery disputes and no finding is made as to whether the motion was "substantially justified." *See* Fed.R.Civ.P. 37(a)(5)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery, doc. 41, is **DENIED** without prejudice.

DATED this 18th day of March, 2014.

Lawrence O. Anderson
United States Magistrate Judge