**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Baker, ) | No. CV-12-1162-PHX-PGR (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dr. Thomas Bell, ) | |
| Defendant. ) | |

      This matter is before the Court on Plaintiff's Motion to Compel Discovery and Motion for Sanctions. (Doc. 57) Plaintiff has also filed a "Statement of Facts" in support of his motion. Defendant Bell has filed a Response and Plaintiff has filed a Reply. (Docs. 60, 61)

      In the motion itself, Plaintiff requests only that the Court order Defendant to provide him with a copy of his own medical records. (Doc. 57 at 3) In the Statement of Facts, Plaintiff also refers to insufficient responses to interrogatories and requests for production, though he fails to directly request that the Court compel additional responses to those discovery requests. (Doc. 58 at 7) Regardless, for the reasons that follow, Plaintiff's motion will be denied.

      As Defendant argues in the Response, Plaintiff's motion is untimely. The scheduling and discovery order issued by the Court on September 26, 2013, provided a deadline of January 27, 2014 for discovery disputes to be brought to the attention of the Court. (Doc. 32 at 2)

      A scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). For purposes of this rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and*

*Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

Here, Plaintiff served his discovery requests on October 10, 2013. (Doc. 34) Defendant responded to the discovery requests on November 12 and November 15, 2013. (Docs. 37, 39) Plaintiff then filed his first motion to compel on December 13, 2013. (Doc. 41) That motion was denied because Plaintiff failed to comply with Fed.R.Civ.P. 37(a)(1) and LRCiv[1] 7.2(j), which require a good faith attempt to resolve the dispute before seeking Court intervention. (Doc. 50 at 3) The motion was also denied because it failed to comply with LRCiv 37.1(a), which requires a motion to compel to set forth, separately from a memorandum of law, in separate, distinct, numbered paragraphs, the specific discovery item requested, the response received and the reason why the response is deficient.

Plaintiff filed the instant motion on April 3, 2014, more than two months after the deadline. (Doc. 57) The only reference to the deadline in the scheduling order is when Plaintiff contends in the Reply that "[i]t is Defendant's fault for dragging this issue past deadlines." (Doc. 61 at 3) Plaintiff claims he "has done everything he can" to follow the rules regarding motions to compel. (*Id.*)

The Court disagrees. Although Plaintiff's first motion to compel was timely, it failed to comply with the Rules of Civil Procedure and the Local Rules. Rather than move for an extension of the deadline after his first motion was denied, Plaintiff simply filed an untimely second motion to compel that contains many of the same deficiencies as the first motion to compel. Plaintiff has failed to demonstrate that the deadline in the scheduling order could not have been met despite his diligence. Having failed to show good cause to extend the deadline, the motion will be denied as untimely.

---

[1] Local Rules of Civil Procedure

In addition, Plaintiff's second motion to compel, like his first, fails to comply with LRCiv 37.1. As noted above, that rule provides that a motion to compel discovery shall "set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:

> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation, or response is deficient."

LRCiv 37.1(a). Civil Local Rule 37.1(a) applies to all *pro se* litigants, including prisoners. *See Aros v. Robinson*, 2011 WL 643386, at *2 (D. Ariz. Feb. 11, 2011) ("Plaintiff's failure to comply with [LRCiv 37.1(a)] provides an independent sufficient basis to deny his Motion to Compel."). The requirements of this Local Rule do not apply "where there has been a complete and total failure to respond to a discovery request." LRCiv 37.1(b).

Here, Plaintiff has failed to set forth each complete response received and explain, with respect to each response, why it is deficient. The Court, therefore, finds Plaintiff's motion to compel fails to comply with LRCiv 37.1(a).

Finally, Defendant asks the Court to award him the reasonable costs and fees associated with responding to the motion to compel. The Court, however, finds an award of expenses and fees "unjust" at this time. *See* Fed.R.Civ.P. 37(a)(5)(B). If, however, Plaintiff again files a motion to compel that is not "substantially justified," the Court will order Plaintiff to pay Defendant's costs and fees for responding to the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery and Motion for Sanctions, doc. 57, is **DENIED**.

DATED this 3rd day of June, 2014.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge